**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUSHYANT R.,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Respondents. | No. 1:26-cv-00502 JLT SKO (HC)<br><br>A-Number: 246-600-549<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART (Doc. 15)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Petitioner Dushyant R. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 11, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition. (Doc. 15.) On March 17, 2026, Petitioner filed objections, arguing that immediate release is the appropriate remedy here. (Doc. 16.) On March 18, 2026, Respondents filed objections, referencing their prior arguments. (Doc. 17.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including the objections, the Court agrees with the

1

magistrate judge that the Petition should be granted, but departs as to the appropriate remedy. The record indicates that Petitioner was previously released on his own recognizance (Doc. 13 at 2), which release necessarily required Respondents to conclude that he was not a danger or flight risk. *See Castellon v. Kaiser*, No. 1:25-CV-00968 JLT EPG, 2025 WL 2373425, at *1 (E.D. Cal. Aug. 14, 2025). Nothing in the record points to any changed circumstance; thus, immediate release is the appropriate remedy. *See Polo v. Chestnut*, No. 1:25-CV-01342 JLT HBK, 2025 WL 2959346, at *7 (E.D. Cal. Oct. 17, 2025).

Based upon the foregoing, the Court **ORDERS**:

1.      The Findings and Recommendations issued on March 11, 2026, (Doc. 15), are **ADOPTED IN PART**.

2.      The petition for writ of habeas corpus is **GRANTED**.

3.      Respondents are **ORDERED TO RELEASE** Petitioner immediately.

4.      Respondents are **ENJOINED** from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter where the government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a flight risk or danger to the community.[1] This Order does not preclude Respondents from taking Petitioner into custody pursuant to the authority and procedures of 8 U.S.C. § 1231, if and when a final order of removal is issued and becomes administratively final.

5.      The Clerk of Court is directed to enter judgment and close the case.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: March 19, 2026

_____
JENNIFER L. THURSTON
U.S. District Judge

---

[1] If legally sufficient circumstances justify detention without notice in advance, a post-deprivation hearing **SHALL** be provided within seven days of the arrest.